[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to dismiss the plaintiff's motion to determine the defendant's interest in the proceeds of the sale of certain real property pursuant to the judgment of dissolution, claiming the court has no jurisdiction to modify a property distribution post-judgment. This principle is undisputed but misses the point. The court understands the plaintiff to be requesting a determination of the parties' respective interests in the defendant's acknowledged share in the proceeds of that sale, given the admitted and substantial arrearage in the defendant's payments of unallocated alimony and child support.
Having reviewed the file, the court concludes from the post-judgment history of the matter that the plaintiff has a reasonable security interest in the defendant's share in the sale proceeds. See Livsey v. Livsey, Superior Court, Judicial Districtof Stamford/Norwalk, Docket No. FA79-172921 (July 30, 1985). The interest of a party who is owed alimony and child support in the proceeds of a post-judgment sale of property has recently been recognized in Kucej v. Statewide Grievance Committee,239 Conn. 449, 465-67 (1996).
CT Page 450-BB
The court also notes that, in a motion for modification filed by the defendant on July 23, 1996, he represented to the court that "from the Defendant's distribution(of the sale proceeds) all of arrearages are expected to be paid".
Accordingly, the defendant's motion to dismiss is denied. The plaintiff and defendant may reclaim any pending motions still requiring the court's attention so that all may be addressed at the same time.
BY THE COURT
SHORTALL, J.